DA 06-0481

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 282N

ROMAN McCARTHY,

     Petitioner and Appellant,

    v.

STATE OF MONTANA,

     Respondent and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV 2005-202
Honorable Holly B. Brown, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

     Roman S. McCarthy, (Pro Se); Deer Lodge, Montana

     For Appellee:

     Hon. Mike McGrath, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

     Marty Lambert, Gallatin County Attorney, Bozeman, Montana

          Submitted on Briefs:  July 18, 2007

          Decided:  November 6, 2007

Filed:

_____
          Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Roman McCarthy, appearing *pro se,* appeals from the Eighteenth Judicial District Court's order denying his second petition for postconviction relief. We affirm.

¶3 In July 2002 McCarthy, while on probation for two stalking convictions, threatened the life of a deputy county attorney. He was charged with felony intimidation. Based upon his criminal record the State sought Persistent Felony Offender (PFO) status for McCarthy. A two-day jury trial was held on December 9 and 10, 2002. McCarthy attended the first day of trial but signed a waiver of his presence for the second day of trial, having been in a physical altercation with jail guards the night before that left him injured. Discussion of the waiver took place on the record on the second morning of trial and the District Court, convinced that the waiver was voluntarily, knowingly and intelligently given, allowed the trial to proceed without McCarthy's presence. The jury convicted McCarthy of intimidation.

¶4 On February 27, 2003, McCarthy filed a Motion for Mistrial claiming that the District Court should have inquired about the altercation that "prevented" him from attending the second day of trial. On February 28, 2003, the District Court denied the

motion for mistrial and sentenced him, as a PFO, to seventeen years at Montana State Prison without eligibility of parole. He filed a timely notice of appeal to this Court. His appellate attorney (newly appointed for purposes of appeal) filed an opening brief and a reply brief, in accordance with the applicable Rules of Appellate Procedure. Multiple issues were raised, including the involuntariness of his waiver, but notably McCarthy did not claim that his trial counsel was ineffective. Prior to our decision in that appeal, appellate counsel moved to Korea. In November 2004 we affirmed McCarthy's conviction.

¶5      In March 2005 McCarthy filed a *pro se* Petition for Postconviction Relief in the District Court. In his Petition, he again raised the issue of the failure of the District Court to inquire about the circumstances surrounding his signed waiver of presence at the second day of his trial. He also asserted that the trial court erred by not questioning McCarthy's trial counsel regarding statements counsel allegedly made to McCarthy after he "was found guilty and sentenced to prison." These alleged statements were made in the Gallatin County Detention Center.

¶6      The District Court denied his Petition for Postconviction Relief on January 19, 2006, stating that under § 46-21-105, MCA, his petition was procedurally barred because the issues raised were or could have been raised on direct appeal. Section 46-21-105(2), MCA, states:

> When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under this chapter. Ineffectiveness or incompetence of counsel in proceedings on an original or an amended original petition

3

under this part may not be raised in a second or subsequent petition under this part.

¶7 In February 2006 McCarthy filed a Memorandum in Support of Petition for Postconviction Relief Amended [sic]. The District Court interpreted this document as a second petition for postconviction relief. In this second petition, McCarthy claimed that his trial counsel was ineffective and his appellate counsel had abandoned him by moving to Korea.

¶8 The District Court denied the petition under § 46-21-105, MCA, holding that McCarthy's second petition did not raise new grounds for relief that could not reasonably have been raised in his original Petition for Postconviction Relief. Section 46-21-105(1)(b), MCA, states that the court "shall dismiss a second or subsequent petition by a person who has filed an original petition unless the second or subsequent petition raises grounds for relief that could not reasonably have been raised in the original or an amended original petition."

¶9 On appeal, McCarthy maintains that postconviction recourse for ineffective assistance of trial counsel and abandonment of appellant counsel was proper. He argues that, though he was represented by appellate counsel, once counsel "abandoned" him to move to Korea and failed to withdraw as counsel on appeal, this Court "rejected any filings [McCarthy] made directly;" therefore, he could not raise those issues on appeal.

¶10 It is difficult to comprehend McCarthy's "abandonment by appellate counsel" argument. He argues that his appellate "counsel effectively sabotage[d] his appeal by leaving the country for South Korea, leaving Appellant with no recourse but to proceed

4

alone through his appeal. However, since [counsel] had never withdrawn as counsel of record, Appellant's efforts to proceed *pro se* were improperly barred."

¶11    Appellate counsel, on behalf of McCarthy, filed a detailed 30-page opening brief on October 20, 2003, and a 13-page reply brief on April 12, 2004. The record shows that McCarthy attempted to submit a *pro se* filing to the Clerk of Court on April 27, 2004, but in accordance with appellate procedure, the filing was rejected because McCarthy was presently represented by counsel. The Court submitted the case to a five-justice panel on May 4, 2004. McCarthy's appellate counsel notified him in July 2004 that he would be moving to Korea in August 2004. He expressed regret that this Court had not yet issued its Opinion in McCarthy's appeal but advised him how to obtain a copy of it upon issuance. He also instructed McCarthy to contact the Gallatin County Public Defender's Office if he needed further legal assistance in the matter. In sum, appellate counsel adequately executed his legal duties on behalf of his client and did not "abandon" him.

¶12    The Legislature expressly stated in § 46-21-105, MCA, that petitioners may not raise issues in postconviction proceedings that could have been raised on direct appeal. McCarthy clearly could have raised trial counsel ineffectiveness on direct appeal. Failure to do so precluded the District Court from considering it in postconviction proceedings. Additionally, because McCarthy's claim of abandonment by appellate counsel was not raised in his first Petition for Postconviction Relief *and* was without merit, the District Court did not err in denying his second petition for postconviction relief.

¶13    We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for

5

memorandum opinions.  It is manifest on the record before us that the District Court did not err in its disposition of this matter.  Therefore, we affirm.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS